Dewey, J.
1. The court are of opinion that the interest of John Whitney, under the devise in the will of Andrew Whitney, of “ one half of all my lands in Notown ” was that of an estate determinable on the marriage or decease of the widow of the testator. It is clearly shown to be so by its immediate connexion with the devise of one half of the Chandler lot, which is in terms thus limited. It is not given to the devisee, his heirs and assigns, although these words are used in other parts of the will. As this devise falls within the same limitation as that of the one half of the Chandler lot, the respondent cannot maintain a valid defence under it; the life estate having terminated by the death of the testator’s widow.
2 The respondent then insists that the petitioners have no legal estate in the lands in Notown, other than the Chandler lot, and that they derived no title under Andrew Whitney, he having, it is alleged, no title therein which he could transmit by devise to the petitioners. The position taken is, that Andrew Whitney never had any title to that portion of the estate in controversy, which formerly belonged to Charles *419 Chandler, but that the same passed by deed from Samuel Ward and wife to the respondent. It is true that such is the apparent paper title; and if the effect be given to this deed, which the form of the instrument would indicate, the respondent would have the better title. The inquiry then arises, whether that deed can be set up as against the petitioners, who claim title through Andrew Whitney. The case finds that Andrew Whitney, as early as 1816 or 1817, contracted for the land; but, Mrs. Ward being then a minor, no legal conveyance could be made, and a bond was taken by Andrew Whitney from Samuel Ward, that a proper conveyance should be made when Mrs. Ward should come of age.
The question of adverse possession was virtually settled by the verdict of the jury. The petitioners are not estopped from asserting their claim by reason of any adverse possession. Nor do we perceive any difficulty in sustaining the position, that although no paper title existed, transferring the estate from Samuel Ward and wife to Andrew Whitney, yet that there was an interest in the land, in Andrew Whitney, sufficient to enable him to pass an estate by devise, as against a mere stranger. He had a possessory title amply sufficient for this. He was in possession, under a claim of right. The only real difficulty, if there be one, is that which arises from the alleged superior title of John Whitney, under the deed of Ward and wife, made in 1827. If this deed is valid, and is to be construed to enure to the benefit of John Whitney and his heirs, the respondent may justify, as holding the better title. The objections to giving such effect to this deed arise from the facts, that the contract for the conveyance was made with Andrew Whitney; that the payment of the purchase money was by him; that a bond was given to him to convey to him the land; that John Whitney was the executor of Andrew Whitney’s will, and as such came into the possession of this bond, and, while holding this relation to the estate and to all concerned in the proper execution of a deed in pursuance of the bond, took a deed directly to himself and his heirs, describing himself, however, as the executor of Andrew Whitney.
*420 We are not prepared to say that the description of the grantee, in the deed from Ward and wife, as executor of Andrew Whitney, would of itself vest any estate in the devisees under the will of Andrew Whitney. The title of the petitioners is to be sustained by the objection taken to the deed made to John Whitney. He held the fiduciary relation of executor. He was the legal representative of Andrew Whitney, and was, as such, bound to protect the interest of the estate intrusted to his care. As such executor, he held the bond from Ward for the conveyance of the estate to Andrew Whitney; and, acting in that capacity, he was bound to take such a conveyance as would enure to the benefit of the devisees of the same under the will of Andrew Whitney, and not to take a deed operating to defeat their title.
The law looks with jealousy upon all contracts made by an executor or administrator concerning the estate committed to his charge. He cannot properly be the purchaser, even indirectly, of an estate which he is directed to sell; as such purchase by him would be inconsistent with the proper discharge of his duties as seller. The same principle, though differently applied, should have prevented him from taking a conveyance to himself personally of the estate in question. He ought to have required a conveyance to be made in apt and proper words to vest the estate in those holding under the will of Andrew Whitney. The law will not allow him thus to defeat the operation of the devise in their favor. Such would be the rule in equity. And in this Commonwealth, the like rule prevails at law ; and instead of the remedy by bih in equity, requiring the executor to make the proper conveyance to vest the estate in those to whom it properly belongs, the court effect the same object in a proceeding at la v, by declaring such deed avoidable, and allowing it to be avoided in a suit at law, when offered in evidence as vesting in the executor a legal title to the estate. We think that in the present case, upon the facts found, it would be fraudulent in law, in John Whitney, to take this deed otherwise than *421 for the benefit of the estate of his testator and those holding under a devise from him. John Whitney cannot therefore set up this deed to himself against the claim of the devisees to this land, and with the view of defeating a title which could otherwise have vested in them.
The petitioners are to have partition, as prayed for.